UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-24007

IVETTE PORTELA,

Plaintiff,

vs.

HOMESTEAD RESEARCH INSTITUTE, INC.,
and JOSE HERNANDEZ,

Defendants.
_____/

# COMPLAINT

Plaintiff, Ivette Portela, sues Defendants, Homestead Research Institute, Inc., and Jose Hernandez, based on the following good cause:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Ivette Portela**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was and is in an non-exempt employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203 (c) who consents to participate in this lawsuit.

2. **Defendant, Homestead Research Institute, Inc**., is a *sui juris* Florida for-profit corporation with its principal place of business in this District and it conducts its for-profit business in Miami-Dade County.

3. **Defendant, Jose Hernandez**, was and is the owner / officer/ director of the

Corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

5. All Defendants employed Plaintiff.

6. This Court has jurisdiction over Plaintiff's FLSA claims and pendent/supplemental jurisdiction over related Florida law claims.

7. Venue is proper pursuant to 28 U.S.C. §1391 (b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Ms. Portela worked in Miami-Dade County, where payment was to be received.

***Background Facts***

8. Defendants have been at all times material engaged in interstate commerce in the course of their clinical research facility operations which, traditionally, cannot be performed without using good materials, supplies, and equipment that have all moved through interstate commerce.

9. Defendants also communicate with their workers by regularly and routinely using telephone, Internet, and/or facsimiles.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. In particular, Defendants own and operate a clinical research facility that studies prescription drugs that were previously placed in the stream of commerce from outside the State of Florida before being received in this District to engage in interstate commerce.

12. Plaintiff worked in a non-exempt capacity for Defendants.

13. In particular, Plaintiff worked for Defendants as the Chief Operating Officer from approximately October 2018 through March 11, 2019.

14. From Approximately October 2018 to March 11, 2019, Defendants required that Plaintiff perform work at the job site.

15. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times she worked each day, such records are in the exclusive custody of Defendants.

16. From October 2018 to March 11, 2019, Defendants agreed to pay Plaintiff a weekly rate of $1200.00 per week, which is intended to compensate her for 40 hours per week.

17. Defendants failed and refused to pay Plaintiff at all for the 80 hours she worked from approximately February 25, 2019 to March 11, 2019.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA MINIMUM WAGE CLAIM**

Plaintiff reincorporates and re-alleges all preceding paragraphs 1-19 as though set forth fully herein and further alleges as follows:

20. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25/hour for each of the hours she worked from February 25, 2019 to March 11, 2019.

21. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours worked from approximately February 25, 2019 to March 11, 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay her at least a minimum wage for all the hours worked from approximately February 25, 2019 to March 11, 2019, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned for the hours worked from approximately February 25, 2019 to March 11, 2019.

22. Plaintiff is entitled to back pay award of at least the applicable minimum wage for all of the hours worked from approximately February 25, 2019 to March 11, 2019, plus an equal amount as a penalty, plus attorneys' fees and costs.

WHEREFORE Plaintiff, Ivette Portela, demands the entry of a judgment in her favor and against the Defendants, Homestead Research Institute, Inc., and Jose Hernandez, after trial by jury and as follows:

a) That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216 (b);

b) That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

c) That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d) That the Defendants be Ordered to make Plaintiff whole by providing appropriate

minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e) That Plaintiff recover all interest allowed by law; and

f) Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (Against Homestead Research Institute, Inc.)

Plaintiff reincorporates and re-alleges paragraphs 1-19 as though set forth fully herein and further alleges as follows:

23. Plaintiff and Defendant, Homestead Research Institute, Inc., agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate her at the salary set forth above.

24. Plaintiff performed under the parties' oral contract/agreement by performing work for Defendant, Homestead Research Institute, Inc., as aforesaid.

25. Defendant, Homestead Research Institute, Inc., failed and refused to perform its obligation(s) to pay Plaintiff the agreed-upon salary from February 25, 2019 to March 11, 2019, thereby breaching the Contract.

26. Furthermore, Defendant, Homestead Research Institute, Inc. failed and refused to perform its obligation(s) to pay Plaintiff the agreed-upon salary from February 25, 2019 to March 11, 2019, thereby breaching the Contract.

27. Plaintiff has been damaged as a result of Defendant's failure to pay her the agreed-upon salary from approximately February 25, 2019 to March 11, 2019, by failing to pay her at all for working in this time period.

28. Plaintiff has been damaged as a result of the Defendant's failure to pay her the agree-upon amount salary she worked from approximately February 25, 2019 to March 11, 2019, by failing to pay her at all for working in this time period.

WHEREFOR Plaintiff, Ivette Portela, demands the entry of a judgment in her favor and against Defendant, Homestead Research Institute, Inc., for all damages suffered in the amount of $2,400.00, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deem just and proper.

## COUNT III – UNJUST ENRICHMENT
### (Against Homestead Research Institute, Inc.)

Plaintiff reincorporates and re-alleges paragraphs 1-19 as though set forth fully herein and further alleges as follows:

29. Plaintiff provided labor and services for Defendant, Homestead Research Institute, Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

30. Plaintiff expected to be paid a reasonable value for the labor and services she provided to and on behalf of Defendant, Homestead Research Institute, Inc.

31. Defendant, Homestead Research Institute, Inc., was unjustly enriched in that it accepted the benefits of the work performed by Plaintiff, but yet failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Ivette Portela, demands the entry of judgment in her favor and against Defendant, Homestead Research Institute, Inc., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter

pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury on all issues so triable.

Dated this 27th day of September, 2019.

Respectfully submitted,

By: */s/ Gadiel A. Espinoza, Esq.*
Gadiel A. Espinoza, Esq.
Florida Bar No. 121831

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.    (786) 650-0202
Fax.    (786) 650-0200
Email: gadiel@PereGonza.com
Email: office@peregonza.com
Attorneys for Plaintiff